## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JAMIE SUE FORD,                        ) | |
|                      Plaintiff,  ) | |
| v.                                                        ) | Case No. 4:23-cv-1392-SEP |
| BOARD OF HEALING ARTS,           ) | |
|                      Defendant.  ) | |

### MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Jamie Sue Ford's second Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [6].  For the reasons set forth below, the motion is granted, but Plaintiff is ordered to show cause as to why the Complaint should not be dismissed for lack of subject matter jurisdiction.

### DISCUSSION

**I.  Application to Proceed in District Court Without Prepaying Fees and Costs**

In November 2023, Plaintiff filed this case with a blank Application to Proceed in District Court without Prepaying Fees or Costs.  *See* Doc. [2].  Because the Court could not determine whether Plaintiff met the financial requirements, Plaintiff was ordered to submit a completed application or pay the full filing fee.  *See* Doc. [5].  Plaintiff complied, and the second application states that Plaintiff is not currently employed and has no available funds or assets.  *See* Doc. [6].  Therefore, the Court will grant Plaintiff's second Application to Proceed in District Court Without Prepaying Fees and Costs.  *See* 28 U.S.C. § 1915(a)(1) (the Court may authorize the commencement of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor").

**II.  Order to Show Cause**

"Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006).  "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013).  "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm*

*v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). Thus, the issue of subject matter jurisdiction may be raised at any time, by any party or the Court. *Gray v. City of Valley Park*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity-of-citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020 (8th Cir. 2007) (subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting "Congress has directed that district courts 'shall' have jurisdiction in both" federal question and diversity cases).

Federal question jurisdiction gives district courts "original jurisdiction over 'civil actions arising under the Constitution, laws, or treaties of the United States.'" *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015) (quoting 28 U.S.C. § 1331). "[W]hether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). That is, "jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). A plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)).

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer

2

jurisdiction.  *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010).  But a "complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'"  *Id*. (alteration in original) (quoting *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002)).  "The legal certainty standard is met where the 'legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.'"  *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (alteration in original) (quoting *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011)).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

      Plaintiff has not pled facts that allow the Court to determine its jurisdiction.  Under the section titled "federal question," Plaintiff states:  "My Rights for Disciplinary Act.  They wouldn't do anything since 1998 filed."  Doc. [1] at 3.  Plaintiff also attached various documents to the Complaint, including several unsent draft emails to unidentified individuals and several form complaints to the State of Missouri Division of Professional Registration.  Doc. [1-1].  The attachments contain lengthy stream-of-consciousness narratives that are difficult to follow.  It appears Plaintiff is complaining of an incident that occurred in 1992, in which a physician allegedly committed medical malpractice and attempted to murder Plaintiff.  Nothing in the Complaint or attachments invokes federal law.

      Plaintiff also acknowledges that she and Defendant are citizens of Missouri.  *See* Doc. [1] at 4.  Therefore, the Court does not have diversity jurisdiction over this action.

      If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3).  Accordingly, within thirty (30) days of the date of this Order, Plaintiff must show cause why this case should not be dismissed for lack of subject matter jurisdiction.  Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

### III.    Motion to Appoint Counsel

      Plaintiff also filed a Motion for Appointment of Counsel.  Doc. [3].  A litigant in a civil case does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil

case."). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986) (citing 28 U.S.C. § 1915(e)). When deciding whether to appoint counsel, courts consider factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review, so the Court cannot determine at this point whether Plaintiff has presented non-frivolous claims. And there is no indication that Plaintiff cannot investigate the facts and present her claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's first Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's second Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [6], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is required to show cause in writing and within **thirty (30) days** of the date of this Order why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED**.

**IT IS FURTHER ORDERED** that failure to comply with this Order will result in the dismissal of this case without prejudice and without further notice.

Dated this 19th day of April, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE